**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4862**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

NAKIA OLIPHANT, a/k/a Mont,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:06-cr-00061-JFA-17)

Submitted:  December 21, 2010      Decided:  January 3, 2011

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Jimmie
Ewing, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakia Oliphant pled guilty to conspiracy to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Oliphant to a 240-month mandatory minimum sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the court to review the district court's compliance with Fed. R. Crim. P. 11's requirements. Oliphant was informed of his right to file a pro se supplemental brief, but he did not do so. For the reasons that follow, we affirm.

Oliphant did not move in the district court to withdraw his guilty plea. Thus our review is limited to plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail, Oliphant "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

Counsel notes that the district court did not expressly advise Oliphant of his right to persist in his plea of not guilty. See Fed. R. Crim. P. 11(b)(1)(B). Nevertheless, the court advised Oliphant he had the right to plead not guilty, he received significant concessions for his guilty plea, and he

2

does not argue that he would have invoked his right to a trial had the district court so advised him. Additionally, Oliphant claims that the district court erred by failing to question him after he represented that he had been guaranteed a specific sentence by someone. See Fed. R. Civ. P. 11(b)(2). Oliphant stated that he understood the court would determine his sentence. Moreover the district court correctly advised Oliphant of the maximum and minimum sentences, and he received the mandatory minimum sentence. Accordingly, Oliphant has failed to show any impairment to his substantial rights. United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995).

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Oliphant, in writing, of the right to petition the Supreme Court of the United States for further review. If Oliphant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oliphant. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED